marked with the letter "C," stipulated to consist of silent butlers the same as those involved in *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), were held dutiable at 40 percent under paragraph 339 as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver.

BEFORE THE FIRST DIVISION, JUNE 30, 1953

**No. 57410.**—Wanskuck Company *v.* United States, protests 192298–K, etc. (Providence).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

**No. 57411.**—Chatham Manufacturing Company *v.* United States, protests 193014–K, etc. (Wilmington, N. C.).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.